**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| G&G Closed Circuit Events LLC, | No. CV-19-00452-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Armando Ortiz, | |
| Defendant. | |

Plaintiff, G&G Closed Circuit Events, LLC, filed this action on September 10, 2019, alleging that Armando Ortiz, individually and d/b/a Savage Cutz unlawfully intercepted, received and then exhibited the Saul "Canelo" Alvarez V. Gennady "GGG" Golovkin II Championship Fight program that was telecast nationwide on Saturday, September 15, 2018. Plaintiff alleges a proprietary interest in the program and seeks damages for violations of 47 U.S.C. § 605 for Defendant's alleged willful piracy of the program. Section 605 applies to satellite television signals. *DirecTV, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir.2008).

Plaintiff served the Defendant, who failed to file an answer or otherwise appear. On October 31, 2019, the Clerk of the Court granted Plaintiff's Application for Default and entered default against the Defendant. On December 23, 2019, the Plaintiff filed an Application for Default Judgment. The Defendant has not moved to set aside the entry of default. Because Defendant has not appeared, the entry of default establishes the Plaintiff's entitlement to damages. The Court relies on the Application for Default Judgment and

attached documentation to establish the amount of damages. The Court acts within its sound discretion to grant or deny the Application for Default Judgment. *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980). The Court considers factors established in *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Circuit 1986), most of which cut generally in favor of granting the motion. *Id.* (possibility of prejudice to Plaintiff; sufficiency of the complaint, sum of money at stake in the action; possibility of dispute concerning material facts; whether default is due to excusable neglect, and the strong policy favoring decisions on the merits.) The Defendant's failure to participate in the lawsuit means that the only *Eitel* factors that need discussion are the merits of the claim, including the sufficiency of the Complaint, and the sum of money at stake in the action. *J&J Sports Productions, Inc. v. Adams,* 2015 WL 509201 at *2 (Calif. August 28, 2015). The Defendant's refusal to participate also means the Court will rule without a hearing. Fed. R. Civ. P. 55(b)(2).

"'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir.1987) (quoting *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977)). But, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am*., 980 F.2d 1261, 1267 (9th Cir. 1992).

Based on the evidence before it, the Court awards damages for the Plaintiff in the amount of $5,600 for the reasons stated below.

In granting the Motion for Default Judgment, the Court takes the Complaint's well-pled allegations of liability as true. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Plaintiff was granted the exclusive nationwide television distribution rights to the program. Defendant intercepted, received, and exhibited the program without authorization at the time of its transmission at the address of a commercial establishment doing business as Savage Cutz located at 4001 W. Bilby Road, Tucson, Arizona. The program was displayed on two television screens, one inside and one outside the

establishment. The trailer could accommodate between six and eight people. There were approximately 18 to 23 people seated outside watching the program during its transmission. Defendant did not require patrons to pay a cover charge.

Liability under 47 U.S.C. § 605 requires the Plaintiff to show; (1) defendants intercepted and (2) "divulged or published ... a communication transmitted by" the Plaintiff. *Nat'l Subscription Television v. S & H TV*, 644 F.2d 820, 826 (9th Cir. 1981). Under the statute, Plaintiff may recover statutory damages "in a sum of not less than $1,000 or more than $10,000" for each violation. 47 U.S.C. § 605(e)(3)(C)(i)(II). Plaintiff seeks $8,400, which is three times the license fee. (Application (Doc. 16-1) at 13.) Additionally, if the court "finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain," it may exercise discretion and increase the damage award by up to $100,000 per violation. 47 U.S.C. § 605(e)(3)(C)(ii).

By defaulting, Defendant admits to one violation by intercepting and publishing the program to his patrons without obtaining a license from plaintiff in violation of 47 U.S.C. § 605 and did so "willfully and for purposes of direct or indirect commercial advantage or private financial gain." (Complaint ¶ 20 (Doc. 1)); *See e.g., Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) (district court properly relying on default, not required to make detailed findings of fact). Even though the Defendant showed the program for no cost, Plaintiff can establish financial gain if the program was a draw for customers. *Ellison v. Robertson,* 357 F.3d 1072, 1078-79 (9th Cir. 2004). Plaintiff asks for an enhanced award of $25,000.

Plaintiff relies on *Kingvision Pay-Per-View, Ltd. V. Jasper Grocery,* 152 F. Supp.2d 438, 442 (S.D.N.Y. 2001) ("a damage award based exclusively on licensing fees would undercompensate the plaintiff because the availability of unauthorized access to the program reduces demand and depresses the prices that plaintiff can charge for sublicenses)." Plaintiff asserts that Congress intended for both the general damage provision and its enhancement to deter piracy. (Application (Doc. 16-1) at 12-16.)[1]

---

[1] *But see*: *Joe Hand Promotions v. Munoz,* 2015 WL 351378 (Calif. January 23, 2015) (explaining basic statutory damage provision has general deterrent purpose distinguishable

Therefore, a damage award does little to curb piracy, if an offender can simply pay the licensing fee after the fact as damages. Hence, Plaintiff proposes the Court should triple the licensing fee to $8,400 and enhance it upwards by $25,000 for a total damage award of $33,400. *Id.*

The Ninth Circuit offers some guidance on how to assess statutory damages. In *Kingvision Pay–Per–View Ltd. v. Lake Alice Bar*, 168 F.3d 347 (9th Cir. 1999), the Ninth Circuit provided two possible guidelines. First, the district court may consider how much money the defendant would have had to pay the plaintiff to broadcast the program lawfully, i.e., the licensing fee, to determine whether the damage award will deter the defendant on the one hand, or put him out of business, on the other. *Id.* at 350. The Court finds that the court's discussion in *Lake Alice Bar* of five-figure damage awards "does not mandate five-figure damage awards in every case." *J&J Sports Prods. Inc. v. Patel*, 2018 WL 480621, at *2 (Ariz. January 19, 2018) (citing *J&J Sports Prods., Inc. v. Ocampo*, 2016 WL 861394, at *3 (Calif. March 7, 2016); *J&J Sports Prods., Inc. v. Munguia*, 2014 WL 1572409, at *3 (Calif. April 17, 2014)). To the contrary, district courts have "wide discretion" in fashioning damage awards based on the particular circumstances of each case. *Munguia*, 2014 WL 1572409, at *3. Because the propriety of any particular damage award depends upon a variety of factors, there is significant variability in damage awards. *Compare, e.g.*, *Munguia* at *1, 4 (awarding $4,200 in statutory damages and $1,500 in enhanced damages), and *Joe Hand Promotions, Inc. v. Carranza*, 2009 WL 4254460, at *3 (Calif. November 24, 2009) (awarding $10,000 in statutory damages and $90,000 in enhanced damages).

In *Lake Alice Bar*, the Ninth Circuit considered other factors in addition to assessing the deterrent value of a damage award, such as: whether defendant engaged in promotional advertising, or charged a premium for food or drinks. The court also considered whether the customers were present primarily to watch the broadcast or had come for another

---

from deterrence purpose of enhancement provision); *J&J Sports Productions v. Sorondo,* 2011 WL 3917391 (Calif. September 6, 2011) (rejecting deterrence argument for awarding maximum statutory dames in absence of unusual or particularly egregious circumstances, *Don King Productions/Kingvision v. Maldonado,* 1998 WL 879683 (Calif. December 11, 1998), and awarding only basic statutory damages in default case).

purpose while the program was being aired, and whether the defendants were "repeat offenders." *J&J Sports Productions v. Adams,* 2015 WL 5092801 at * 3 (Calif. August 28, 2015) (citing *Sorondo,* 2011 WL 3917391 at *4).

The Court has reviewed the Plaintiff's requested damage award in comparison with other awards given for similar violations as set out in the Application for Default Judgment. (Application (Doc. 16-1) at 9-15.) Especially, the Court has considered *J&J Sports Productions Inc. v. Diaz,* 2012 WL 1134904 (Ariz. Apr. 4, 2012), (Motion for Entry of Default Judgment (Doc. 16-1) at 10), which involved piracy by Tacos Y Mariscos El Kora ("Tacos Y Mariscos"), a restaurant located in Phoenix, Arizona, which displayed a WBO Welterweight Championship Fight program on November 14, 2009, without a cover charge. At Tacos Y Mariscos, the 75 to 80-person capacity restaurant was packed with at least 150 patrons and the program was shown on a number of television screens. Based on these facts, the Court agreed that the damage award should be the $10,000 statutory maximum but balked at a maximum $100,000 enhancement and instead enhanced the award by $20,000 for total damages amounting to $30,000.

The Court finds that the Plaintiff has established entitlement to a statutory amount to cover the lost licensing fee of $2,800 in damages, enhanced for willfulness by $2,800. Defendant showed the program on two televisions. The one inside could be viewed by six to eight people, the maximum number of people who could be in the small trailer. The television outside was viewed by up to 23 people. The Plaintiff asks the Court to assume that the inside program was viewed by patrons who were getting haircuts and viewed outside by patrons waiting to get haircuts. The Affidavit, however, only reflects that the program was playing inside and out, not that any haircuts or any other services were being offered during the program. The Court also notes that the physical location of the small trailer does not match the location where Plaintiff alleges the Defendant's barber shop operations are located and the violation allegedly occurred on W. Bilby Road, (Complaint (Doc. 1) ¶¶ 14, 19), but the Affidavit reflects that the trailer where the program was showing was on the corner of Valencia and Camino de la Tierra. The connection between

the two is a picture attached to the Affidavit reflecting a sign on front of the trailer which says Barber Shop, Savage Cuts. (Motion for Default judgment, Affidavit (Doc. 16-5) at 5.)

This is not a case like *J&J Sports Productions v. Meza Jimenez,* 2018 WL 317288 (Ariz. January 8, 2018)*,* where there was a prior offense,[2] or any of the other cases relied on by the Plaintiff where the business operation is small, and therefore, although willful, the piracy has a relatively small impact on the Plaintiff and so enhancement is towards the low end of a five-figure damage award. The Court is not persuaded by the Plaintiff's reliance on *J&J Sports Productions, Inc. v. McCausland,* 2012 WL 113786 (Indiana, January 13, 2012), were a small bar and restaurant serving ten to 17 patrons in a geographically isolated area was held accountable for a $10,000, enhanced by $30,000, total damage award of $40,000 based on a need to deter piracy. Instead, this Court is more persuaded by *Diaz,* where the Court looked to whether the basic statutory damage award addressed deterrence sufficiently to not necessitate an enhancement and the logic applied in *Lake Alice Bar* that a damage award should deter but not put a defendant out of business. *See e.g., J&J Sports Productions, Inc. v. Valencia*, 2014 WL 2918884 (E.D.Cal.2014) (circumstances similar to *Meza*, recommending statutory damages of $5,000, and no enhanced statutory damages); *J&J Sports Productions, Inc. v. Rodriguez*, 2010 WL 796942 (E.D.Cal.2010) (similar circumstances, recommending combined statutory and enhanced damages totaling $5,000); *J&J Sports Productions, Inc. v. Torres*, 2013 WL 417748 (E.D.Cal.2013) (similar circumstances, but where defendant was alleged to be a serial repeat offender, recommending statutory damages of $5,000.00 and enhanced damages of $25,000).

Defendant's alleged commercial operation is extremely small. Even if the Court assumes that the Defendant Armando Ortiz was at the trailer on the night of the fight giving haircuts, at most the trailer could accommodate six to eight people inside it. A damage award that is double the license fee, plus attorney fees, is sufficient to deter the defendant

---

[2] In *Meza Jimenez,* the court awarded $10,000 in statutory damages and enhanced damages of $20,000 against an establishment that showed the program on one television to 45 patrons, but there was a prior offense

on the one hand, but not put him out of business, on the other. Defendant did not engage in promotional advertising, or charge a premium for haircuts or anything else, like food or drinks. Defendant was not a repeat offender. The $5,600 damage award, plus attorney fees, should sufficiently deter future acts of piracy.

The Plaintiff requests an award for its costs and attorneys' fees. Plaintiff may file a bill of costs in accordance with LRCiv 54.1, and a motion for attorneys' fees pursuant to LRCiv 54.2, after which the question of attorney fees will be ripe.

**Accordingly,**

**IT IS ORDERED** that the Plaintiff's Motion for Default Judgment (Doc. 16) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgement for the Plaintiff and against Defendant Armando Ortiz, d/b/a Savage Cutz in the total amount of $5,600.00.

Dated this 16th day of March, 2020.

_____
Honorable David C. Bury
United States District Judge